USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/11/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALLIANT INSURANCE SERVICES, INC. & HARBOR GROUP CONSULTING, LLC,

Plaintiffs,

-against-

RESILIENCE INSURANCE ADVISORY CORP. & EMILY RASMUSSEN,

Defendants.

Case No. 23-CV-09277

**PROTECTIVE ORDER**

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in discovery in this action) that is designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder, or use such Confidential Discovery Material for any purpose other than in the above-captioned litigation.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

   a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

   b. previously nondisclosed material relating to ownership or control of any non-public company;

   c. previously nondisclosed business plans or agreements, product development information, or marketing plans;

   d. any information of a personal or intimate nature regarding any individual;

   e. any other category of information hereinafter given confidential status by the Court.

3. The producing person may designate as "Attorneys' Eyes Only" only those portions of Discovery Material that contain highly sensitive confidential information for which disclosure to a party, its officers, directors, employees, or other persons permitted to receive Confidential Discovery Material under this Order would create a substantial risk of serious competitive, commercial, financial, or privacy harm that could not reasonably be avoided through a less restrictive designation. Such information may include, without limitation, nonpublic and competitively sensitive pricing, margins, costs, customer-specific and employee-specific information (including financial terms), bids, proposals, business forecasts, strategic plans, trade secrets, proprietary technical information, source code, or security information. The designation shall be made reasonably and in good faith, used sparingly, and limited to the specific portions of Discovery Material requiring such protection. It shall not be used to impede discovery, prevent a party from meaningfully participating in the litigation, or shield information merely because it is embarrassing, unfavorable, or generally confidential.

4. With respect to the Confidential or Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Attorneys' Eyes Only" (as applicable) by stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" (as applicable) the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question, portion of the transcript, exhibits to the transcript, or the transcript as a whole calls for Confidential or Attorneys' Eyes Only information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential or Attorneys' Eyes Only, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential or Attorneys' Eyes Only (as applicable) under the terms of this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person, except to:

   a. officers, directors, or employees of a party who counsel reasonably determines need access to the material to assist in the prosecution, defense, or settlement of this action;

   b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. any person retained by a party to serve as a consultant or an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f. stenographers engaged to transcribe depositions conducted in this action; and

g. the Court and its support personnel.

No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Attorneys' Eyes Only to any other person, except to those persons identified in sub-parts 6(b), (c), (e), (f), and (g), above. For the avoidance of doubt, if any of the Discovery Material designated by the producing person as Attorneys' Eyes Only is disclosed to a person identified in subpart 6(e), that person must first execute a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

7. All Confidential or Attorneys' Eyes Only Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential or Attorneys' Eyes Only Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential or Attorneys' Eyes Only Discovery Material itself, and not text that in no material way reveals the Confidential or Attorneys' Eyes Only Discovery Material.

8. Any party who either objects to any designation of confidentiality (or Attorneys' Eyes Only), or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with this Court's Individual Rules & Practices in Civil Cases.

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Attorneys' Eyes Only. The Court also retains unfettered discretion whether to

afford confidential treatment to any document or information contained in any Confidential or Attorneys' Eyes Only document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. Each person who has access to Discovery Material that has been designated as Confidential or Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

16. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

17. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ David C. Dziengowski*
David C. Dziengowski
*Attorneys for Plaintiff*

Date: August 10, 2026

**LITTLER MENDELSON P.C.**

*/s/ Jessica Pizzutelli*
Jessica Pizzutelli
*Attorneys for Defendants*

Date: August 10, 2026

**SO ORDERED.**

**Date:**
**New York, New York**

**MARGARET M. GARNETT**
**United States District Court Judge**

SO ORDERED. Dated August 11, 2026.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALLIANT INSURANCE SERVICES, INC. & HARBOR GROUP CONSULTING, LLC,

Plaintiffs,

-against-

RESILIENCE INSURANCE ADVISORY CORP. & EMILY RASMUSSEN,

Defendants.

Case No. 23-CV-09277

**NON-DISCLOSURE AGREEMENT**

I, ________________________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Attorneys' Eyes Only. I agree that I will not disclose such confidential Discovery Material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ________________ ____________________________